IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 9, 2008

Charles R. Fulbruge III
Clerk

No. 07-70043

GARY JOHNSON

Petitioner - Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
(05-CV-3581)

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gary Johnson was convicted of capital murder and sentenced to death for the 1986 murders of James Hazelton and Peter Sparagana during the same criminal transaction. He requests a certificate of appealability ("COA") authorizing him to appeal the district court's denial of federal habeas relief. Johnson asserts that he is entitled to a COA for three claims:

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1) The State's suppression of evidence that two of the State's witnesses at trial had been hypnotized violated Johnson's due process rights under Brady v. Maryland, 373 U.S. 83 (1963);

(2) The district court erred by refusing to consider the affidavits of attorneys on the issue of whether Johnson's trial counsel rendered constitutionally ineffective assistance; and

(3) Johnson's trial counsel rendered ineffective assistance by calling Johnson's brother, Terry, as a witness at the guilt phase of trial.

To obtain a COA, Johnson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, he must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 338. The Supreme Court has instructed us that, in making our decision whether to grant a COA, we must limit our examination to a "threshold inquiry," which consists of "an overview of the claims in the habeas petition and a general assessment of their merits." Id. at 327, 336. We cannot deny a COA because we believe the petitioner ultimately will not prevail on the merits of his claims. Id. at 337. On the other hand, however, "issuance of a COA must not be pro forma or a matter of course." Id. "While the nature of a capital case is not of itself sufficient to warrant the issuance of a COA, in a death penalty case any doubts as to whether a COA should issue must be resolved in the petitioner's favor." Ramirez v. Dretke, 398 F.3d 691, 694 (5th Cir. 2005) (internal quotation marks and citations omitted).

Based on our limited, threshold inquiry and general assessment of the merits of Johnson's claims, we conclude that his Brady and ineffective assistance of counsel claims present issues that are adequate to deserve encouragement to proceed further. We therefore GRANT a COA authorizing Johnson to appeal the district court's denial of habeas relief for these two claims.

A COA is not required for Johnson's claim that the district court erred by refusing to consider the attorney affidavits he submitted to the district court in support of his ineffective assistance claim. This claim by Johnson involves an evidentiary ruling of the district court and not a claim of the denial of a constitutional right. See Lewis v. Quarterman, 272 F. App'x 347, 351 (5th Cir. Apr. 1, 2008) (unpublished). Accordingly, the issue of whether the district court abused its discretion by refusing to consider the attorney affidavits will be addressed in connection with the ineffective assistance claim for which we have granted a COA. See id.

We think that these issues have been well briefed. If, however, Johnson wishes to file a supplemental brief with respect to the merits of the claims, he may do so within thirty days of the date of this order. The supplemental brief should address only matters, if any, that have not already been covered in the brief in support of the COA application. If Johnson files a supplemental brief, the State may file a response fifteen days thereafter, to be similarly limited to matters that have not already been covered in its brief in opposition to Johnson's COA application.

For the foregoing reasons, Johnson's request for a COA is GRANTED in part and DENIED, as unnecessary, in part.